# COUNTY OF SUFFOLK



F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   APR 06 2018   ★

LONG ISLAND OFFICE

### SUFFOLK COUNTY CLERK'S OFFICE

**JUDITH A. PASCALE**
SUFFOLK COUNTY CLERK
*WWW.SUFFOLKCOUNTYNY.GOV*
Court Actions
631-852-2000 ext. 852

Date: 4|6|18

To whom it may concern:

Please find a Certified Copy of our Clerk's Minutes for the E-filed Supreme Court case, Index # 604258 /18 , along with a copy of the Notice of Removal.

Since the above mentioned case is E-filed, there are no hard copies of the documents.

If you have any questions, please call the number at the top of this page.

Thank you,

Court Actions

18CV 2024 (JFB) (ARL)

CC #: C18-14437



# COUNTY CLERK'S OFFICE
## STATE OF NEW YORK
### COUNTY OF SUFFOLK

I, JUDITH A. PASCALE, Clerk of the County of Suffolk and the Court of Record thereof do hereby certify that I have compared the annexed with the original

**CLERKS MINUTES (NYSCEF)**

filed in my office on **04/06/2018**
and, that the same is a true copy thereof, and of the whole of such original.

In Testimony Whereof, I have hereunto set my hand and affixed the seal of said County and Court this **4/6/2018**           .

**SUFFOLK COUNTY CLERK**

**JUDITH A. PASCALE**

**SEAL**

NYSCEF
Suffolk County Supreme Court

**Document List**
**Index #  604258/2018**

Created on:04/06/2018 03:56 PM

Case Caption:    **Raymond J Suris et al - v. - Evanston Insurance Company et al**
Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 1 | SUMMONS + COMPLAINT | Processed | 03/05/2018 | Nofi, V. |
| 2 | NOTICE OF REMOVAL / REMAND (PRE RJI) | Processed | 04/04/2018 | Tricarico, M. |

INDEX NO. 604258/2018
NYSCEF DOC. NO. 2                                              RECEIVED NYSCEF: 04/04/2018

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**
-----------------------------------------------------------------x
RAYMOND J. SURIS and SURIS & ASSOCIATES, P.C.,

                                                           Index No.
                                                           604258/2018

                                    Plaintiffs,            **NOTICE TO**
                                                           **STATE COURT OF**
                    -against-                              **REMOVAL TO**
                                                           **UNITED STATES**
EVANSTON INSURANCE COMPANY a wholly owned                  **DISTRICT COURT**
Subsidiary of MARKEL CORPORATION,

                                    Defendants.
-----------------------------------------------------------------x

        PLEASE TAKE NOTICE that on April 4, 2018, Defendant, EVANSTON INSURANCE

COMPANY, an Illinois company, filed a Notice of Removal of the case from Supreme Court of

the State of New York, Suffolk County to the United States District Court for the Eastern District

of New York.  A copy of the notice of Removal is attached as Exhibit A hereto, and a copy of

this Notice and the Notice of Removal has also been provided to the Plaintiffs in this action.

        In accordance with 28 U.S.C. § 1446 (d), the removing defendant has electronically filed

a copy of the Notice of Removal with the Clerk of the Supreme Court of the State of New York,

Suffolk County, thereby effecting removal.

        PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of

this Notice removes this action to the Federal Court, and this Court may "proceed no further

unless and until the case is remanded." 28 U.S.C. § 1446 (d).

FILED: SUFFOLK COUNTY CLERK 04/04/2018 08:16 PM
NYSCEF DOC. NO. 2
INDEX NO. 604258/2018
RECEIVED NYSCEF: 04/04/2018

Dated: New York, New York
         April 4, 2018

Respectfully submitted,

KENNEDYS CMK, LLP

Michael J. Tricarico
570 Lexington Avenue – 8th Floor
New York, New York 10022
(212) 252-0004
Email: michael.tricarico@kennedyscmk.com
*Attorneys for Defendant*
*Evanston Insurance Company*

To:
Scalzi & Nofi, PLLC
Attorneys for Plaintiffs
43 Prospect Street
Huntington, NY 11743

FILED: SUFFOLK COUNTY CLERK 04/04/2018 08:16 PM   INDEX NO. 604258/2018

NYSCEF DOC. NO. 2   RECEIVED NYSCEF: 04/04/2018

# EXHIBIT A

Case 2:18-cv-02024-JFB-ARL   Document 6   Filed 04/06/18   Page 7 of 29 PageID #: 37
FILED: SUFFOLK COUNTY CLERK 04/04/2018 08:16 PM            INDEX NO. 604258/2018
NYSCEF DOC. NO. Case 2:18-cv-02024   Document 1   Filed 04/04/18   Page 1 of 7 PageID #: 1  04/04/2018

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

RAYMOND J. SURIS and SURIS & ASSOCIATES, P.C.,

Action No.: 2:18-cv-2024

                      Plaintiffs,

**NOTICE OF**
**REMOVAL**

     -against-

EVANSTON INSURANCE COMPANY a wholly owned
Subsidiary of MARKEL CORPORATION,

                 Defendants.

------------------------------------------------------------x

     Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, Defendant Evanston Insurance

Company ("Evanston"), by and through its undersigned counsel, hereby files this Notice of

Removal, and removes the above-entitled action from the Supreme Court of the State of New

York, Suffolk County, Index No.: 604258/2018, to the United States District Court, for the

Eastern District of New York. In support of this Notice of Removal, Evanston states as follows:

            **I.**      **INTRODUCTION AND BACKGROUND**

     1.     On or about March 5, 2018, Raymond J. Suris ("Suris"), and Suris & Associates,

P.C., Associates ("Suris & Associates") (collectively, the "Plaintiffs") filed a Summons and

Complaint (the "Complaint") in the Supreme Court of the State of New York, Suffolk County, in

the action styled *Raymond J. Suris, et. al. v. Evanston Insurance Company*, Index No.:

604258/2018. The Complaint, which comprises the entirety of all process, pleadings, and orders

served upon Evanston, is attached as Exhibit A pursuant to 28 U.S.C. § 1446(a).

     2.     Evanston received a copy of the Complaint by mail on March 8, 2018. Thus, this

Notice of Removal is filed within 30 days after receipt by Evanston of Plaintiffs' initial pleading,

and is therefore timely filed under 28 U.S.C. § 1446(b).

3.      Here, removal is appropriate based upon diversity jurisdiction.  This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) and is one that may be removed to this Court by Evanston pursuant to 28 U.S.C. § 1441(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      Plaintiffs seek defense and indemnity insurance coverage, under a Lawyers Professional Liability insurance policy alleged to have been issued by Evanston to Plaintiffs, with respect to an underlying lawsuit styled *Shannon Slaton and Molly Slaton v. Suris and Associates, P.C., et al.*, Index No. 156208/2016, filed in the Supreme Court of the State of New York, New York County (the "Underlying Suit," or with respect to Shannon and Molly Slaton, the "Underlying Plaintiffs").  The complaint in the Underlying Suit is an exhibit to the Complaint filed in this proceeding, and is contained as part of Exhibit A hereto.

5.      The Underlying Suit, a legal malpractice action, alleges among other things, that Suris & Associates, after having appeared in an earlier action on behalf of the Underlying Plaintiffs, failed to appear in a second action brought against them, resulting in a default judgment against the Underlying Plaintiffs that the court in the Underlying Suit refused to vacate.

6.      In this action, the Plaintiffs allege that they are entitled to insurance coverage benefits in connection with the claims asserted against them in the Underlying Suit under Lawyers Professional Liability insurance policy number LA807998 purportedly issued by Evanston to Plaintiffs (the "Evanston Policy").

7.      Plaintiffs seek damages based upon claims for declaratory relief under the Evanston Policy, and breach of contract.  As part of their claim for declaratory relief, the

2

Case 2:18-cv-02024-JFB-ARL Document 6 Filed 04/06/18 Page 9 of 29 PageID #: 39
FILED: SUFFOLK COUNTY CLERK 04/04/2018 08:16 PM INDEX NO. 604258/2018
NYSCEF DOC. NO. Case 2:18-cv-02024 Document 1 Filed 04/04/18 Page 3 of 7 PageID #: 3 NYSCEF: 04/04/2018

Plaintiffs allege that after initially agreeing to defend them in the Underlying Suit, Evanston disclaimed coverage in a manner that was both "wrongful and illegal." (Complaint ¶13.) As a result of Evanston's purportedly wrongful and illegal conduct, Plaintiffs seek a "defense of the underlying malpractice action," which is currently active, and has been since it was commenced in July 2016, and "indemnification up to the [$2 Million] limits of the subject policy" (Complaint, p.5).

## II.  BASIS FOR REMOVAL – DIVERSITY JURISDICTION

8.     Civil actions commenced in a state court, over which federal district courts have original jurisdiction, may be removed by a defendant to the federal district court for the district and division embracing the place where the action is pending.  *See* 28 U.S.C. § 1441(a).

9.     United States District Courts have original jurisdiction over all civil actions in which the matter in controversy exceeds the sum of $75,000 (exclusive of interest and costs), and the dispute is between citizens of different states.  28 U.S.C. §1332(a)(1).

10.    This action is removable from the Supreme Court of the State of New York, Suffolk County, to the United States District Court for the Eastern District of New York on the basis of diversity subject matter jurisdiction, pursuant to 28 U.S.C. §1332(a)(1) and 28 U.S.C. §1441(a), because the action is between citizens of different States, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.  *See* 28 U.S.C. § 1441(b).

11.    Evanston hereby exercises its rights, under 28 U.S.C. §1441, *et seq.*, to remove this action from the Supreme Court of the State of New York, Suffolk County, in which the action is now pending, to the United States District Court for the Eastern District of New York.

3

### A.    Diversity of Citizenship

12.    Upon information and belief, at the time the Complaint was filed, at the time of removal, at all intervening times, and as alleged in the Complaint, Suris was, and is, a resident of the State of New York.

13.    Upon information and belief, at the time the Complaint was filed, at the time of removal, at all intervening times, and as alleged in the Complaint, Suris & Associates was, and is, a professional corporation, organized and existing under the laws of the State of New York, and maintains its principal place of business in the State of New York.  Upon information and belief, Suris is a member of Suris & Associates.

14.    For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and of the state where it has its principle place of business.  28 U.S.C. § 1332(c)(1); *Kaufman v. Gen. Ins. Co. of Am.*, 192 F. Supp. 238 (S.D. Cal. 1961).

15.    Evanston is a corporation organized under the laws of Illinois, with its principal place of business in Illinois.

### B.    Amount in Controversy

16.    In addition to the requisite diversity of citizenship, the jurisdictional amount necessary to invoke federal subject matter jurisdiction on the basis of diversity is likewise satisfied in this case.

17.    When a complaint, on its face, seeks an indeterminate amount, does not limit its request for damages to a precise monetary amount, or is not a complaint for monetary damages, federal courts may properly look to a notice of removal in order to make an independent evaluation of the value of the claim.  *See, e.g. Sadler v. State Farm Fire & Cas. Co.*, 2008 WL 4960218, at *2 (W.D. Pa. Nov. 19, 2008).

4

FILED: SUFFOLK COUNTY CLERK 04/04/2018 08:16 PM   INDEX NO. 604258/2018
NYSCEF DOC. NO. 6   Case 2:18-cv-02024   Document 1   Filed 04/04/18   Page 5 of 7 PageID #: 5   RECEIVED NYSCEF: 04/04/2018

18.     Plaintiffs claim to seek an unspecified amount of damages from Evanston, including their costs and disbursements in this suit (Complaint, p.5.)  Additionally, Plaintiffs seek declaratory relief that would obligate Evanston and/or Markel to defend and/or indemnify the Plaintiffs with respect to the Underlying Suit up to the limits of the Evanston Policy.  (*Id.*)

19.     "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy [for jurisdictional purposes] is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 347 (1997).

20.     "Where a liability policy is involved in proceedings for a declaratory judgment, the amount in controversy for jurisdictional purposes is the maximum amount for which the insurer could be held liable under the policy." *T.H.E. Ins. Co. v. Demutis*, 1999 WL 83933, at *3 (E.D. Pa. Feb. 17, 1999) (citing *Britamco Underwriters Inc. v. stone*, 1992 WL 195378, at *2 (E.D. Pa. Aug. 3, 1992)).

21.     Since Plaintiffs claim to have an insurable interest in the Evanston Policy, this Court is to look to the limits of the Evanston Policy to ensure that the amount in controversy requirement is satisfied in order to invoke federal subject matter jurisdiction.

22.     The Evanston Policy contains limits of liability of $2 Million each Claim and $2 Million in the aggregate.  Thus, the limits of liability under the Evanston Policy are at stake as the Plaintiffs have declared an expectancy to recover up to the limits of the Evanston Policy.

23.     Because the Plaintiffs' claims for coverage under the Evanston Policy may reach the policy's limit of liability, indeed, as previously indicated, the Plaintiffs seek "indemnification up to the limits of the subject policy" (Complaint, p.5), the $75,000 amount in controversy requirement is satisfied.

Case 2:18-cv-02024-JFB-ARL    Document 6    Filed 04/06/18    Page 12 of 29 PageID #:
FILED: SUFFOLK COUNTY CLERK 04/04/2018 08:16 PM    INDEX NO. 604258/2018
NYSCEF DOC. NO.  Case 2:18-cv-02024  Document 1  Filed 04/04/18  Page 6 of 7 PageID #: RECEIVED NYSCEF: 04/04/2018

24.     Therefore, based upon the limits of the Evanston Policy, and the allegations of the Complaint, the matter in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs.

## CONCLUSION

25.     For the foregoing reasons, this Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a)(1).

26.     Written notice has been served upon the Plaintiffs through their counsel and a copy of this Notice of Removal will be filed with the Supreme Court for the State of New York, Suffolk County.

27.     Notwithstanding this removal, Evanston does not waive and specifically reserves any and all objections, exceptions or defenses to the Complaint here, including but not limited to, moving to have this matter dismissed, stayed and/or transferred to another court.

28.     Evanston reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Evanston hereby removes this action pending for decision in the Supreme Court of the State of New York, Suffolk County, Index No.: 604258/2018.

Dated: April 4, 2018

                          Respectfully submitted,

                          KENNEDYS CMK, LLP

                          _Michael J. Tricarico_
                          _____
                          Michael J. Tricarico (MT5332)
                          570 Lexington Avenue – 8th Floor
                          New York, New York 10022
                          (212) 252-0004
                          Email: michael.tricarico@kennedyscmk.com
                          *Attorneys for Defendant*
                          *Evanston Insurance Company*

6

FILED: SUFFOLK COUNTY CLERK 04/04/2018 08:16 PM   INDEX NO. 604258/2018
NYSCEF DOC. NO. Case 2:18-cv-02024   Document 1   Filed 04/04/18   Page 7 of 7 PageID #: RECEIVED NYSCEF: 04/04/2018

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 4, 2018, a true and correct copy of Evanston Insurance Company's Notice of Removal was filed with the Clerk of the Court by using the ECF system. Notice of this filing will be sent to all parties via UPS overnight delivery to the following recipients:

Vincent J. Nofi, Esq.
Scalzi & Nofi, PLLC
43 Prospect Street
Huntington, New York 11743

Michael J. Tricarico

FILED: SUFFOLK COUNTY CLERK 03/05/2018 08:08 PM    INDEX NO. 604258/2018
NYSCEF DOC. NO. Case 2:18-cv-02024    Document 1-1    Filed 04/04/18    Page 1 of 14 PageID #: 8 RECEIVED NYSCEF: 03/05/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

Index No.:

Date Purchased:

--------------------------------------------------------------------X

RAYMOND J. SURIS and SURIS & ASSOCIATES,
P.C.,

## SUMMONS

Plaintiffs designates
**SUFFOLK COUNTY**
as the place of Trial.

*Plaintiffs,*

- against –

**EVANSTON INSURANCE COMPANY, a wholly
owned subsidiary of MARKEL CORPORATION,**

*Defendants.*

The basis of venue is
Plaintiff's place of
residence/business
395 No. Service Road,
Suite 302
Melville, NY 11747

--------------------------------------------------------------------X

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and
to serve a copy of your Answer, or, if the Complaint is not served with this
Summons, to serve a Notice of Appearance, on the plaintiff's attorney within 20 days
after the service of this Summons, exclusive of the day of service (or within 30 days
after the service is complete if this Summons is not personally delivered to you
within the State of New York); and in case of your failure to appear or answer,
judgment will be taken against you for the relief demanded in the Complaint.

Dated: Hicksville, New York
January 15, 2018

SCALZI & NOFI, PLLC
Attorneys for Plaintiffs

By: VINCENT J. NOFI
43 Prospect Street
Huntington, NY 11743
Tel.: (516) 662-5197
Email: vjnofi@gmail.com

**DEFENDANTS' ADDRESSES**

EVANSTON INSURANCE COMPANY
c/o N.Y.S. Insurance Department

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------------------------------------X
RAYMOND J. SURIS and SURIS & ASSOCIATES, P.C.,          **Index No.:**

**Date Purchased:**

Plaintiffs,                                             **VERIFIED**
                                                        **COMPLAINT**
- against –

EVANSTON INSURANCE COMPANY, a wholly owned
Subsidiary of MARKEL CORPORATION,

Defendants.

----------------------------------------------------------------------X

       Plaintiffs, by their attorneys, **SCALZI & NOFI, PLLC**, complaining of the

defendants, set forth and allege, upon information and belief, as follows:

1.     Plaintiff, **RAYMOND SURIS ("SURIS")**, is a natural person and resident of the

County of Suffolk, State of New York.

2.     Plaintiff, **SURIS & ASSOCIATES, P.C. ("S&A")**, is a domestic professional

corporation, with its principal place of business in the County of Suffolk, State of New

York.

3.     **SURIS** is an attorney duly licensed to practice law in the State of New York, and

the principal of S&A.

4.     Defendant, **EVANSTON INSURANCE COMPANY ("EVANSTON")**, was, and

is, an insurance company and a wholly owned subsidiary of **MARKEL**

CORPORATION, a foreign corporation.

5.    **EVANSTON** was, and is, duly authorized by the State of New York to conduct insurance business within New York State.

6.    Prior hereto, **EVANSTON** issued in the State of New York a Lawyer's Professional Liability Insurance policy to plaintiffs, under policy number LA807998 (the "subject policy").

7.    Plaintiffs paid all premiums due under the subject policy and, during all times relevant hereto, said policy was in full force and effect.

8.    On or about September 19, 2016, plaintiff forwarded to defendant for defense and indemnification under the subject policy a legal malpractice action entitled:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                                      X
SHANNON SLATON and MOLLY SLATON,              Index#: 156208/2016

                              Plaintiffs,

          -against-
SURIS AND ASSOCIATES, P.C. and TIMOTHY KELLY,

                              Defendants.
                                                        X

(the "underlying malpractice action").  A copy of the Summons and Complaint in the underlying malpractice action is annexed hereto, marked EXHIBIT "A", and deemed incorporate herein by reference.

9.    While **EVANSTON** initially assigned defense counsel, retained by it, to represent plaintiffs in the underlying malpractice action, and said counsel interposed an

FILED: SUFFOLK COUNTY CLERK 03/05/2018 08:08 PM    INDEX NO. 604258/2018
NYSCEF DOC. NO. 1Case 2:18-cv-02024    Document 1-1    Filed 04/04/18    Page 5 of 14 PageID #:12    RECEIVED NYSCEF: 03/05/2018

answer to the underlying malpractice action, **EVANSTON** subsequently issued a disclaimer of coverage, by letter dated November 28, 2016 (the "subject disclaimer").

10.    After the issuance of the subject disclaimer, defense counsel retained by **EVANSTON** withdrew its defense of plaintiffs in the underlying malpractice action, requiring plaintiffs to retain their own counsel, at their own defense, to take over their defense.

11.    Since the subject disclaimer, and despite plaintiffs' demands, **EVANSTON** has refused to defend or indemnify plaintiffs in connection with the underlying malpractice action.

<u>**AS FOR A FIRST CAUSE OF ACTION**</u>

12.    Plaintiffs repeat and reiterate each and every allegation contained in paragraphs "1" through "11" of this Complaint, as though the same were more fully set forth at length herein.

13.    Defendant's disclaimer of coverage was wrongful and illegal.

14.    As a result of defendant's wrongful and illegal disclaimer of coverage under the subject policy, plaintiffs hereby demand a declaratory judgment, pursuant to CPLR §3004, declaring, establishing and finding,, as a matter of law, the following:

(a) That the subject policy is in full force and effect and provides defense and indemnification coverage for the underlying malpractice action;

(b) That the subject disclaimer was wrongful and illegal;

FILED: SUFFOLK COUNTY CLERK 03/05/2018 08:08 PM INDEX NO. 604258/2018

NYSCEF DOC. NO. 6 Case 2:18-cv-02024 Document 1-1 Filed 04/04/18 Page 6 of 14 PageID #:13 RECEIVED NYSCEF: 03/05/2018

(c) That defendant is required to provide plaintiff with a defense of the underlying malpractice action and, if necessary, indemnification up to the limits of the subject policy; and

(d) Such other and further relief as the Court may deem reasonable, proper and necessary under the facts and circumstances involved herein.

## AS AND FOR A SECOND CAUSE OF ACTION

15.    Plaintiffs repeat and reiterate each and every paragraph contained in paragraphs "1" through "14" of this Complaint, as though the same were more fully set forth at length herein.

16.    As a result of **EVANSTON's** wrongful and illegal disclaimer of coverage, defendant has breached the terms and conditions of the subject policy, causing plaintiffs money damages, including attorney's fees and costs associated with the defense of the underlying malpractice action.

17.    By virtue of defendant's breach of contract, plaintiffs have, and will, suffer money damages, the amount of which to be determined by the trier of the facts herein.

**WHEREFORE**, Plaintiffs, **RAYMOND J. SURIS** and **SURIS & ASSOCIATES, P.C.**, demand judgment against the Defendant, **EVANSTON INSURANCE COMPANY**, as follows:

(1)    on the FIRST CAUSE OF ACTION, a declaratory judgment, declaring, establishing and finding, as a matter of law, the following:

Case 2:18-cv-02024-JFB-ARL   Document 6   Filed 04/06/18   Page 20 of 29 PageID #:

FILED: SUFFOLK COUNTY CLERK 03/05/2018 08:08 PM   INDEX NO. 604258/2018
NYSCEF DOC. NO. 4   Case 2:18-cv-02024   Document 1-1   Filed 04/04/18   Page 7 of 14 PageID #:   RECEIVED NYSCEF: 03/05/2018

(a)     That the subject policy is in full force and effect and provides defense and indemnification coverage for the underlying malpractice action;

(b)     That the subject disclaimer was wrongful and illegal;

(c)     That defendant is required to provide plaintiff with a defense of the underlying malpractice action and, if necessary, indemnification up to the limits of the subject policy; and

(d)     Such other and further relief as the Court may deem reasonable, proper and necessary under the facts and circumstances involved herein.

(2)     on the SECOND CAUSE OF ACTION, a money judgment against the defendant for breach of contract in a sum to be determined by the trier of the facts herein; and

(3)     such other and further relief as to this Court may seem just , equitable and proper, with the costs and disbursements of this action.

Dated:  Huntington, New York
        January/5, 2018

                                        SCALZI & NOFI, PLLC.


                                        _____
                                        By: VINCENT J. NOFI, ESQ.
                                        *Attorneys for Plaintiffs*
                                        43 Prospect Street
                                        Huntington, New York 11743
                                        Tel.:(516) 662-5197
                                        Email: vjnofi@gmail.com

Case 2:18-cv-02024-JFB-ARL    Document 6    Filed 04/06/18    Page 21 of 29 PageID #:
FILED: SUFFOLK COUNTY CLERK 03/05/2018 08:08 PM    INDEX NO. 604258/2018
NYSCEF DOC. NO. 32  Case 2:18-cv-02024    Document 1-1    Filed 04/04/18    Page 8 of 14 PageID #: 15    RECEIVED NYSCEF: 03/05/2018

## ATTORNEY VERIFICATION

STATE OF NEW YORK       )

                                ss.:

COUNTY OF NASSAU      )

       Vincent J. Nofi, an attorney duly admitted to practice in the Courts of New York State, affirms the following to be true under the penalties of perjury:

       I am the attorney of record for the plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof. The same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and, as to those matters, I believe them to be true. The grounds for my belief as to all matters not stated upon my own knowledge are a review of my file contents and discussions with the plaintiff(s).

       The reason this verification is made by me is that the plaintiff(s) is not presently in the County in which my office is located.

Dated:       Huntington, New York
                 January/5, 2018

                                  _____
                                      VINCENT J NOFI

FILED: SUFFOLK COUNTY CLERK 03/05/2018 08:08 PM    INDEX NO. 604258/2018
NYSCEF DOC. NO. 45    RECEIVED NYSCEF: 03/05/2018

# EXHIBIT A

Case 2:18-cv-02024-JFB-ARL   Document 6   Filed 04/06/18   Page 23 of 29 PageID #:
INDEX NO. 604258/2018
FILED: SUFFOLK COUNTY CLERK 04/05/2018 08:08 PM
NYSCEF DOC. Case 2:18-cv-02024   Document 1-1   Filed 04/04/18   Page 10 of 14 PageID #: 17
INDEX NO. 156206/2018
FILED: NEW YORK COUNTY CLERK 07/26/2016 02:37 PM
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 07/26/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
SHANNON SLATON and MOLLY SLATON,

                Plaintiffs,                  Index No.

            - against -                **SUMMONS**

SURIS AND ASSOCIATES, P.C.           Date Filed:
      and TIMOTHY KELLY,

                Defendants.
-----------------------------------------------------------------X

To the above-named Defendants

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and serve a

copy of your answer on the Plaintiff's attorneys within 20 days after service of this summons,

exclusive of the day of service (or within 30 days after the service is complete if this summons is

not personally delivered to you within the State of New York); and in case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: Hawthorne, New York        NORMAN M. BLOCK, P.C.
      July 26, 2016

                              By_____
                               Norman M. Block
                               Attorneys for Plaintiff
                               245 Saw Mill River Road
                               Hawthorne, NY  10532
                               (914) 769-3100

Plaintiff designates New York County as  the place of trial.  The basis of the venue is the
residence of the plaintiffs.

FILED: SUFFOLK COUNTY CLERK 03/05/2018 08:08 PM    INDEX NO. 604258/2018
NYSCEF DOC. NO. 2                                   RECEIVED NYSCEF: 07/26/2016

FILED: NEW YORK COUNTY CLERK 07/26/2016 02:37 PM    INDEX NO. 604258/2018
NYSCEF DOC. NO. 2                                   RECEIVED NYSCEF: 07/26/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X

SHANNON SLATON and MOLLY SLATON,

                Plaintiffs,                   Index No.

             - against -               **COMPLAINT**

SURIS AND ASSOCIATES, P.C.
         and TIMOTHY KELLY,

                Defendants.
-------------------------------------------------------------X

      SHANNON SLATON and MOLLY SLATON, as and for their complaint against the

defendants, SURIS AND ASSOCIATES, P.C. and TIMOTHY KELLY, allege as follows:

      1.     Plaintiffs are individuals who reside in New York County, New York.

      2.     Defendant Suris and Associates, P.C. ("Suris") is a professional corporation

organized under the laws of the State of New York and resides in Nassau County, New York.

      3.     Defendant Timothy Kelly is an individual who had been employed by defendant

Suris and Associates, P.C.

      4.     At all relevant times, plaintiffs had retained the services of Suris to represent

them in various legal matters, including but not limited to an action by Seroy, Inc a/k/a Seroy

Contracting ("Seroy") to recover money from the plaintiffs for services it had alleged it had

provided to the plaintiffs.

      6..     Suris assigned Kelly to work on the matters for which it had been retained by the

Slatons.

      7.     Seroy brought suit against the Slatons in the Civil Court, New York County,

claiming damages in the amount of $17,599.50.

      8.     On behalf of the Slatons, Suris answered the complaint.

Case 2:18-cv-02024-JFB-ARL   Document 6   Filed 04/06/18   Page 25 of 29 PageID #:
INDEX NO. 604258/2018
FILED: SUFFOLK COUNTY CLERK 03/05/2018 08:08 PM
NYSCEF DOC. No.Case 2:18-cv-02024   Document 1-1   Filed 04/04/18   Page 12 of 14 PageID #: 19
RECEIVED NYSCEF: 03/05/2018

9.    Plaintiffs herein maintained that no amounts were due to Seroy because of the low quality of its work and its overcharging for work it alleged it had completed.

10.    Seroy, through a different attorney than the attorney who brought the first suit, filed a second suit against the Slatons in the Civil Court, New York County, claiming damages in the amount of $25,000.

11.    The Slatons advised Suris of this action immediately after they were served and provided a copy of the Summons and Complaint which had been served upon them.

12.    Suris and Kelly were negligent by failing to answer or otherwise appear in the second action, and a default judgment was entered against the Slatons on May 29, 2014 in the amount of $28,987.27 plus statutory interest of 9 percent per annum from the date of judgment.

13.    Had Suris answered the complaint, it would have been dismissed because of the earlier action for the same relief, although seeking a lesser amount of money, and Suris would have defended the Slatons in the first action and would have had the claims dismissed and would have prevailed on counterclaims for extra expenses incurred by the Slatons as a result of the low quality of its work.

14.    Suris moved to vacate the default judgment in the civil court, but that motion was denied because the Court did not find that Suris had presented an adequate excuse for its failure to answer the complaint nor did it address the merits of the claims made.

15.    Suris declined to appeal this decision.

16.    In order to satisfy the judgment against them, and stop interest from continuing to accrue, plaintiffs paid $33,800 on March 30, 2016, to fully satisfy the judgment.

17.    Plaintiffs paid Suris $2,500 during the course of its representation of the plaintiffs.

Case 2:18-cv-02024-JFB-ARL Document 6 Filed 04/06/18 Page 26 of 29 PageID #:
FILED: SUFFOLK COUNTY CLERK 03/05/2018 08:08 PM INDEX NO. 604258/2018
NYSCEF DOC. NO. 1 Case 2:18-cv-02024 Document 1-1 Filed 04/04/18 Page 13 of 14 PageID #: 20 RECEIVED NYSCEF: 03/05/2018

18.    The payment to satisfy the judgment was borrowed from Shannon Slaton's retirement account, and the loan is accumulating interest until repaid.

19.    Because the payment decreased the balance in Shannon Slaton's retirement account, the value of his account and the future growth of that account has been diminished in an amount to be determined at trial.

20.    Plaintiffs' creditworthiness had been negatively affected by the default judgment and will result in the denial of credit and/or favorable credit terms in the future.

21     Plaintiffs have been damaged in an amount to be determined at trial, those damages including the amount paid to satisfy the default judgment, interest payable from Shannon Slaton's retirement account, lost investment opportunity as a result of the diminution of Shannon Slaton's retirement account, loss of reputation as a result of the effect of the default on plaintiffs' creditworthiness, all attorneys fees paid to Suris, loss of the ability to recover on counterclaims for damages against Seroy and the costs and disbursements associated with this action. .

WHEREFORE, plaintiffs demand judgment against the defendants for damages in an amount to be determined at trial, said amount exceeding the jurisdictional limits of any lower Court, plus the costs and disbursements of this action, plus such other and further relief as to the Court may seem equitable, just and proper.

Dated:   Hawthorne, NY                        NORMAN M. BLOCK, P.C.
         July 26, 2016

                                              by_____
                                                 Norman M. Block
                                                 Attorneys for the Plaintiffs
                                                 245 Saw Mill River Road
                                                 Hawthorne, NY  10532
                                                 (914) 769-3100

Index No.:_____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

RAYMOND J. SURIS and SURIS & ASSOCIATES, P.C.,

*Plaintiffs,*

-against-

EVANSTON INSURANCE COMPANY, a wholly owned
subsidiary of MARKEL CORPORATIONS,

*Defendants*

## SUMMONS AND VERIFIED COMPLAINT

## SCALZI & NOFI, PLLC.
*Attorneys for Plaintiffs*
### 43 Prospect Street
### Huntington, NEW YORK 11743
### TEL.:(516) 662-5197 Email: vjnofi@gmail.com

**ATTORNEY CERTIFICATION**
The undersigned, an attorney admitted to practice in the courts of New York State,
Certifies that, upon information and belief, and reasonable inquiry, the contentions
contained in the above referenced document(s) are not frivolous.

Dated: Hicksville, New York
January 15, 2018

_____
VINCENT J. NOFI, ESQ.

FILED: SUFFOLK COUNTY CLERK 04/04/2018 08:16 PM   INDEX NO. 604258/2018
NYSCEF DOC. NO. 1   Case 2:18-cv-02024   Document 1-8   Page 1 of 2 PageID #: 22   RECEIVED NYSCEF: 04/04/2018

**JS 44** (Rev. 12/12)   **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Raymond J. Suris and Suris &Associates, P.C.

**DEFENDANTS**
Evanston Insurance Company

**(b)** County of Residence of First Listed Plaintiff   Suffolk
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Citizen of another state
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scalzi & Nofi, PLLC
43 Prospect Street Huntington, NY 11743 (516) 662-5197

Attorneys *(If Known)*
Kennedys CMK LLP
570 Lexington Ave. NY, NY 10022
(212) 252-0004

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### V. ORIGIN *(Place an "X" in One Box Only)*
☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332, 1441(a), and 1446
Brief description of cause:
Insurance coverage dispute under professional liability policy

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE   DOCKET NUMBER

DATE   4/4/2018   SIGNATURE OF ATTORNEY OF RECORD   *Michael J. Tricarico*

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, __Michael J. Tricarico__ , counsel for __Defendant__ , do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☑ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more of its stocks:

Plaintiffs - N/A
Defendant - Markel Corporation

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?    ☑ Yes    ☐ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?    ☐ Yes    ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?    ☐ Yes    ☑ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?____ ☐ Yes   ☑ No _____
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes        ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes    (If yes, please explain    ☑ No

I certify the accuracy of all information provided above.

Signature: _____

Last Modified: 11/27/2017